## CIRCUIT COURT OF FAIRFAX COUNTY

Robyn Quattlebaum,
an infant

v.

All America Ins. Co. et al.

June 30, 1997

Case No. (Chancery) 145121

BY JUDGE MICHAEL P. MCWEENY

This case came before the Court upon the Petitioner's Motion for Summary Judgment on its underlying Motion for Declaratory Judgment. Memoranda of Points and Authorities were filed, oral argument was presented, and the Court took the matter under advisement. Although framed as a Motion and Opposition, both parties agree that there are no material facts in dispute and the argument clearly sets forth Cross-Motions for Summary Judgment on the issue, and the Court will treat the motions in that manner.

### Facts

On August 26, 1994, Robyn Quattlebaum sustained personal injuries as the result of a motor vehicle accident while she was a passenger in a van being operated by Stephanie Mager. Ms. Mager allegedly failed to yield the right-of-way at an intersection controlled by a stop sign causing a collision with an on-coming vehicle. At the time of the collision, the van operated by Ms. Mager was insured by All America Insurance Company by an automobile policy with liability limits of $100,000.00 per person/per accident. The policy contained a Virginia uninsured motorist endorsement with limits of $100,000.00. In addition, Ms. Quattlebaum was an insured (as a family member living in the same household) under her father's automobile liability

insurance policy with United Services Automobile Association (USAA). That policy also contained a Virginia uninsured motorist endorsement with limits of $100,000.00. All America Insurance Company has offered the full policy liability limits of $100,000.00.

## Issue

The issue presented is whether under the facts of this case, Virginia Code § 38.2-2206(B) contemplates the UM/UIM provisions of both the All America policy and the USAA policy to be available to Ms. Quattlebaum to satisfy any judgment against Ms. Mager in excess of the $100,000.00 liability limits.

## Analysis

This issue has not been decided by the Virginia Supreme Court as of this writing; however, the parties are aware that the matter is before that body at this time. There have been a number of Circuit Court opinions on this subject, and this Court has found the conflicting results and reasoning to be both interesting and instructive.

The question presented is one of statutory interpretation. As the first step is to apply the plain meaning of the words used, the Court turns to the controlling provisions of § 38.2-2206(B), of which there are a number to be considered. First, the Code provides a definition of an "underinsured" motor vehicle:

> A motor vehicle is "underinsured" when, and to the extent that, the total amount of bodily injury ... coverage applicable to the operation or use of the motor vehicle and available for payment for such bodily injury ... is less than the total amount of uninsured motorist coverage afforded any person injured as a result of the operation or use of the vehicle.

Va. Code § 38.2-2206(B). In order to determine whether, and to what extent, insurance coverage over and above the All America liability limits exists, it is necessary to ascertain what uninsured motorist coverage is "afforded" to Ms. Quattlebaum. Ms. Quattlebaum contends that the UM/UIM coverage of the two policies must be stacked prior to application of a credit for the liability coverage, while USAA contends that the UM/UIM coverage under the All America policy is not available to Ms. Quattlebaum, thus resulting in application of the credit for the liability coverage against USAA's UM/UIM

coverage. In examining the plain meaning of the language used in the statute, it is necessary to look to the applicable part of the definition of "uninsured motor vehicle" to determine what coverage is to be "afforded." Specifically, the Code provides:

> "Uninsured motor vehicle" means a motor vehicle for which (i) there is no bodily injury liability insurance ... in the amounts specified by § 46.2-472....

*Id.* If the Court is to apply this definition to the facts of the case, it is clear that the Mager vehicle is insured by the All America policy for bodily injury liability in sufficient coverage amounts that it is not an uninsured motor vehicle. Therefore, no "uninsured motorist coverage [is] afforded" Ms. Quattlebaum under this policy.

It is noted, however, that other portions of § 38.2-2206(B) have been interpreted to reach the contrary result. The paragraphs in question are set forth in full:

> "Available for payment" means the amount of liability insurance coverage applicable to the claim of the injured person for bodily injury ... reduced by the payment of any other claims arising out of the same occurrence.
>
> If an injured person is entitled to underinsured motorist coverage under more than one policy, the following order of priority of policies applies, and any amount available for payment shall be credited against such policies in the following order of priority:
>
> 1. The policy covering a motor vehicle occupied by the injured person at the time of the accident;
>
> 2. The policy covering a motor vehicle not involved in the accident under which the injured person is a named insured;
>
> 3. The policy covering a motor vehicle not involved in the accident under which the injured person is an insured other than a named insured.
>
> Where there is more than one insurer providing coverage under one of the payment priorities set forth, their liability shall be proportioned as to their respective underinsured motorist coverages.
>
> Recovery under the endorsement or provisions shall be subject to the conditions set forth in this section.

*Id.* It has been suggested that, by contemplating crediting the "amount available for payment" against "[t]he policy covering a motor vehicle occupied by the injured person," the General Assembly has "afforded" UM/UIM coverage under the All America policy to Ms. Quattlebaum, and therefore, the two UM endorsements must be aggregated prior to offsetting for the liability coverage. The Court does not agree. When the entire section is read as a whole, giving ordinary meaning to the definitional portions which precede the language upon which that interpretation relies, a different purpose emerges. This portion of § 38.2-2206(B) is not intended as a stacking formula, but rather as a payment formula. The coverage "afforded" is computed through the definitions. Once coverage has been determined, any judgment or settlement is paid in accordance with the priorities set forth. In the words of the statute: "*Recovery* under the endorsement or provisions shall be subject to the conditions set forth in this section." (Emphasis added.)

### *Ruling*

For the reasons set forth above, the Court finds that Ms. Quattlebaum is not entitled to underinsured motorist coverage under the UM/UIM endorsement of the All America Insurance Company policy, and therefore, the only uninsured/underinsured motorist coverage afforded her is under the USAA policy. Since the bodily injury liability coverage applicable to the operation or use of the Mager motor vehicle is *not* less than the total amount of uninsured motorist coverage afforded to Ms. Quattlebaum, the Mager vehicle is *not* underinsured and the USAA policy is not available for payment. Summary Judgment is granted in favor of United Services Automobile Association and denied as to Robyn Quattlebaum.